UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROY ALLEN SMITH #00306135, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   No. 3:19-cv-00232 |
| | )   Judge Trauger |
| BERT C. BOYD,[1] | ) |
| | ) |
|     Respondent. | ) |

**MEMORANDUM**

Roy Allen Smith, a state prisoner, filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. No. 1), to which the respondent filed an answer. (Doc. No. 14.) The petitioner asserts a single claim: that counsel provided ineffective assistance by advising him to go to trial rather than plead guilty based on counsel's erroneous belief regarding a jurisdictional issue. (Doc. No. 1 at 6.) As explained below, this claim does not entitle the petitioner to relief under Section 2254, and this action will be dismissed.

**I.    Background**

"The facts underlying Petitioner's convictions in this case stem from the execution of a search warrant upon his property that resulted in the discovery of oxycodone and several hundred dihydrocodeinone pills." *Smith v. State*, No. M2017-00321-CCA-R3-PC, 2018 WL 3803081, at *1 (Tenn. Crim. App. Aug. 9, 2018) (citing *State v. Smith*, No. M2014-01172-CCA-R3-CD, 2015 WL 3550106, at *1 (Tenn. Crim. App. June 8, 2015)). Based on these facts, a Rutherford County

---

[1] Because the petitioner is in custody under a state court judgment, the proper respondent is the warden at his current place of confinement, Northeast Correctional Complex. *See* Habeas Rule 2(a); (Doc. No. 15.) The court takes judicial notice that the warden of this facility is Bert C. Boyd. *See* Northeast Correctional Complex, TENNESSEE DEPARTMENT OF CORRECTION, https://www.tn.gov/correction/sp/state-prison-list/northeast-correctional-complex (last visited June 30, 2021). The caption reflects the proper respondent in this case, and the Clerk will be directed to update the docket accordingly in the accompanying order.

jury found the petitioner guilty of the following four offenses: "simple possession of a Schedule II controlled substance, a Class A misdemeanor; possession of a Schedule III controlled substance with the intent to manufacture, deliver, or sell, a Class D felony; maintaining a dwelling used for keeping or selling controlled substances, a Class D felony; and possession of drug paraphernalia, a Class A misdemeanor." *Id.* "The trial court imposed an effective sentence of twelve years and ordered that the sentence be served consecutively to an aggregate thirty-seven-year sentence on eight prior convictions for which Petitioner had been on community corrections at the time of the offenses in this case." *Id.* (footnote omitted).

The Tennessee Court of Criminal Appeals (TCCA) affirmed the judgments on direct review, and the Tennessee Supreme Court denied permission to appeal. *Smith*, 2015 WL 3550106, *perm. app. denied* Oct. 15, 2015. The petitioner filed a pro se petition for state post-conviction relief (Doc. No. 13-12 at 3–16), the trial court appointed counsel (*id.* at 19), and counsel filed a memorandum in support of the pro se petition. (*Id.* at 20–23.) The trial court held an evidentiary hearing (Doc. No. 13-14) and denied relief. (Doc. No. 13-12 at 41–46.) A three-judge panel of the TCCA affirmed, with one judge dissenting, and the Tennessee Supreme Court denied discretionary review. *Smith*, 2018 WL 3803081, *perm. app. denied* Oct. 10, 2018. The petitioner then filed a pro se habeas corpus petition in this court. (Doc. No. 1.)

**II.     Legal Standard**

Federal habeas relief for state prisoners is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA establishes a demanding standard for granting federal relief on claims "adjudicated on the merits" in state court. 28 U.S.C. § 2254(d); *Harrington*, 562 U.S. at 102. Under AEDPA, such a claim cannot be the basis for federal relief unless the state court's decision was: (1) "contrary to, or

2

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under Section 2254(d)(1), a state court's decision is "contrary to" clearly established federal law "'if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision [of the Supreme Court] and nevertheless arrives at a [different result].'" *Hill v. Curtin*, 792 F.3d 670, 676 (6th Cir. 2015) (en banc) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)). "Under the 'unreasonable application' clause of [Section] 2254(d)(1), habeas relief is available if 'the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Harris v. Haeberlin*, 526 F.3d 903, 909 (6th Cir. 2008)). A state court's application is not unreasonable under this standard simply because a federal court finds it "incorrect or erroneous"—instead, the federal court must find that the state court's application was "objectively unreasonable." *Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003)).

To grant relief under Section 2254(d)(2), a federal court must find that "the state court's factual determination was 'objectively unreasonable' in light of the evidence presented in the state court proceedings." *Young v. Hofbauer*, 52 F. App'x 234, 236 (6th Cir. 2002). State-court factual determinations are only unreasonable "if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017) (quoting *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007)). "[I]t is not enough for the petitioner to show some unreasonable determination of fact; rather, the petitioner must show that the resulting state court decision was

3

'based on' that unreasonable determination." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (citing *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011)).

### III. Analysis

The respondent argues that the petition should be dismissed either because it is untimely (Doc. No. 14 at 8–9) or because the petitioner's claim does not survive AEDPA's demanding standard of review. (*Id.* at 10–15.) As explained below, the court finds it inappropriate to dismiss the petition as untimely, but the court agrees that the petitioner is not entitled to relief on the merits.

#### A. Timeliness

The respondent correctly calculates the deadline for the petitioner to file a federal habeas corpus petition as 122 days after October 11, 2018 (Doc. No. 14 at 8–9), or February 11, 2019.[2] The court did not receive the petition until March 15, 2019. (Doc. No. 1 at 1.) However, the petitioner swore under penalty of perjury that he submitted the petition to prison authorities for mailing on December 12, 2018. (*Id.* at 16.) And the petition is accompanied by a letter[3] stating that the petitioner was "having difficulty getting legal mail out of [his] institution" and that he mailed his habeas corpus petition on December 12, 2018. (Doc. No. 1-2 at 1.) According to this letter, the petition actually received by the court is a copy of the previously-sent petition. (*Id.*) The respondent also submitted an authenticated copy of the petitioner's prison mailroom logs, reflecting that the petitioner sent legal mail to this court on January 22, 2019. (Doc. No. 16-1 at 2.) The court has no record of receiving a filing from the petitioner in the time frame immediately following that date.

---

[2] Because this deadline fell on a Sunday, it extended through Monday, February 11, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

[3] This letter is unsigned, but it bears the petitioner's typed name. (Doc. No. 1-2 at 1.)

4

As the respondent concedes, the petition would have been timely under the prison mailbox rule if the petitioner mailed it on either December 12, 2018, or January 22, 2019. (Doc. No. 16 at 2); *Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988) (footnote omitted)). Moreover, the court may equitably toll AEDPA's limitations period from the time the petitioner attempted to mail the petition if there is objective evidence to support the petitioner's claim of prior mailing and the petitioner diligently pursued his rights. *See Stewart v. Robinson*, 65 F. App'x 536, 538 (6th Cir. 2003). Here, the prison mailroom logs supply objective evidence of a potential attempt at timely filing, and the petitioner diligently pursued his rights by submitting a purported copy of the previously-sent petition in a timely manner. It therefore appears that the petition may be either timely or subject to equitable tolling.

In these circumstances, the court declines to rule on timeliness grounds and elects to reach the merits. *See Mateo-Castellanos v. Rapelje*, No. 2:11-CV-13761, 2012 WL 1555210, at *2 (E.D. Mich. May 1, 2012) (citing *Smith v. State of Ohio Dep't of Rehab.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006)) ("Because the statute of limitations does not constitute a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition.").

**B.     Merits**

The petitioner asserts that trial counsel was ineffective by advising him to go to trial rather than plead guilty based on counsel's erroneous belief regarding a jurisdictional issue. The petitioner exhausted this claim on post-conviction appeal. *See Smith*, 2018 WL 3803081.

The bedrock federal law governing the adequacy of a criminal defendant's representation is defined in *Strickland v. Washington,* 466 U.S. 668 (1984). *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009). Where a petitioner asserts a claim of "ineffective assistance at the plea bargaining

stage," the application of *Strickland* is guided by the more recent Supreme Court ruling of *Lafler v. Cooper*, 566 U.S. 156 (2012). *See Johnson v. Genovese*, 924 F.3d 929, 938 (6th Cir. 2019) (referring to the "controlling law" for plea-based ineffective-assistance claims as "*Strickland*/*Lafler*"). The TCCA correctly identified these governing standards—noting, through citation, that the Tennessee Supreme Court's framework for applying *Strickland* in this context, as set forth in *Nesbit v. State*, 452 S.W.3d 779 (Tenn. 2014), is drawn from *Lafler*—before rejecting this claim on the merits. *Smith*, 2018 WL 3803081, at *3–6.

Under *Strickland*, a petitioner must show (1) deficient performance and (2) prejudice to the defendant. *Knowles*, 556 U.S. at 124 (citing *Strickland*, 466 U.S. at 687). Counsel's performance is deficient where it falls "below an objective standard of reasonableness." *Id.* at 687–88. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "In the context of pleas," *Lafler* explains, the prejudice prong of *Strickland* requires a petitioner to "show the outcome of the plea process would have been different with competent advice." 566 U.S. at 163 (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). And where "[h]aving to stand trial, not choosing to waive it, is the prejudice alleged," the petitioner

> must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 163–64.

Further, when a federal habeas petitioner raises an exhausted ineffective-assistance claim, "[t]he pivotal question" is not "whether defense counsel's performance fell below *Strickland*'s

standard," but "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. This is a "'doubly deferential' standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Pinholster*, 563 U.S. at 190). In short, the Supreme Court has explained, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" by "requir[ing] 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Id.* (quoting *Harrington*, 562 U.S. at 103).

Turning to the context of the petitioner's claim, trial counsel argued on direct appeal that "the City of LaVergne Police Department did not have jurisdiction to prosecute the offenses against Petitioner because his property was located outside of the city limits." *Smith*, 2018 WL 3803081, at *1 (citing *Smith*, 2015 WL 3550106, at *3). Counsel "framed the issue as a jurisdictional defect in the indictment," and he "admitted that he intentionally waited to raise the issue with the indictment until after the trial had started." *Id.* (citing *Smith*, 2015 WL 3550106, at *3–4). The TCCA held that counsel waived this issue by failing to raise it before trial, and that the indictment was nonetheless valid. *Id.* (citing *Smith*, 2015 WL 3550106, at *3–4).

As stated above, at the time of the offenses in this case, the petitioner was serving "an aggregate thirty-seven-year [community corrections] sentence [for] eight prior convictions." *Id.* (footnote omitted). At the post-conviction hearing, the state offered the prosecutor's notes as proof that the state made a plea offer of "10 years at 45 percent to serve, consecutive to all of [the petitioner's] other cases." *Id.* at *2 (footnote omitted). The petitioner, however, maintained that trial counsel communicated an offer from the state that would have "dispose[d] of both this case and his pending community corrections violation" if he agreed to serve an effective twenty-year

7

sentence. *Id.* The petitioner asserted that counsel was ineffective by "advis[ing] him to reject [this] favorable plea offer" based on the belief that he "could 'beat' the charges and have the case dismissed based on the faulty jurisdictional argument." *Id.* at *1.

The TCCA rejected this claim on prejudice grounds, explicitly declining to consider "whether trial counsel's actions in this case—including intentionally waiting to raise the jurisdictional argument until mid-trial—amount[ed] to deficient performance." *Smith*, 2018 WL 3803081, at *5 (citation omitted). This approach is consistent with *Strickland*. 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). The prejudice ruling was as follows:

> As the post-conviction court found, Petitioner failed to prove by clear and convincing evidence the existence of a plea offer from the State that would reduce the sentence he was currently se[rv]ing from thirty-seven years to twenty years while simultaneously pleading guilty to additional felonies. The evidence in the record does not preponderate against this finding. *See Vaughn* [*v. State*], 202 S.W.3d [106,] 115 [Tenn. 2006]. Trial counsel had passed away prior to the hearing, and his notes did not contain any reference to a plea offer from the State. The post-conviction court did not accredit Petitioner's testimony regarding this offer, and we will not second-guess such credibility determinations on appeal. *See* [*State v.*] *Honeycutt*, 54 S.W.3d [762,] 766–67 [Tenn. 2001]. In his appellate brief, Petitioner recognizes "the implausibility of [Petitioner's] recollection of a 20-year offer, inclusive of a prior 37 year sentence." It simply defies logic that the State would, or even legally could, have made such an offer that effectively would result in an accused (a potential career offender) departing the courthouse with additional convictions but with a much shorter sentence than he had when he arrived. A sentence Petitioner described as a "less sentence than I had to begin with." The record does not support a finding that this offer was ever made.
>
> On appeal, Petitioner appears to change course and urges this Court to find that he would have accepted the ten-year-consecutive offer reflected in the State's file. Even though Petitioner testified that he had "always" pled guilty in prior cases based on trial counsel's advice, Petitioner never testified that he would have accepted the State's ten-year-consecutive offer in this case. He repeatedly insisted that the offer he wanted to accept was the asserted twenty-year-inclusive offer.6 An offer, we conclude, that never existed.

8

[FN6 This Court has previously recognized that "[t]he Sixth Circuit does not require a defendant to support his own assertion that he would have accepted the offer with additional objective evidence." *Joseph Lamont Johnson, Jr. v. State*, No. M2012-02310-CCA-R3-PC, 2014 WL 793636, at *9 (Tenn. Crim. App. Feb. 27, 2014) (citing *Griffin v. U.S.*, 330 F.3d 733, 737 (6th Cir. 2003); *Smith v. U.S.*, 348 F.3d 545, 551 (6th Cir. 2003)), *perm. app. denied* (Tenn. July 14, 2014). However, Petitioner made no such assertion in this case with regard to the ten-year-consecutive offer made by the State.]

By failing to prove that there is a reasonable probability that he would have accepted the ten-year-consecutive plea offer extended by the State, Petitioner has failed to prove that he was prejudiced by any alleged deficiency on the part of trial counsel. *See Nesbit*, 452 S.W.3d at 801 (citing *State v. Garrison*, 40 S.W.3d 426, 431 (Tenn. 2000)) (holding defendant not entitled to relief when he failed to prove that he would have accepted the plea offer if properly conveyed). Moreover, there was no evidence in the record as to whether "the trial court would have accepted the terms of the offer," *id.* at 800, especially with regard to Petitioner's asserted twenty-year-inclusive offer.7 Because Petitioner failed to establish prejudice under the test set forth by our supreme court in *Nesbit*, he is not entitled to post-conviction relief for ineffective assistance of counsel. Therefore, we need not address the appropriate remedy under *Lafler*.

[FN7 The original trial judge in this case did not hear the post-conviction petition and has since passed away.]

*Smith*, 2018 WL 3803081, at *5–6.

Applying AEDPA's deferential standard of review, this ruling was not unreasonable. A federal habeas court "may not lightly ignore" a state court's "credibility findings; they are entitled to 'great deference' and 'must be sustained unless [they are] clearly erroneous,' particularly in the context of AEDPA-limited habeas review." *Howell v. Hodge*, 710 F.3d 381, 386 (6th Cir. 2013) (quoting *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (per curiam)). As the TCCA noted, the petitioner's testimony supplied the only evidence that the state made a plea offer with the terms described by the petitioner: twenty concurrent years to resolve both his pending charges and his previously imposed aggregate thirty-seven-year community corrections sentence. (*See* Doc. No. 13-14 at 13, 15, 17.) But the state offered evidence that its actual plea offer was for ten consecutive years, without disturbing the petitioner's previous sentences. (*Id.* at 15; Doc. No. 13-15 at 8

9

(district attorney's notes submitted as exhibit to hearing).) The state court credited the state's evidence over the petitioner's testimony, and the petitioner has not attempted to demonstrate that this credibility finding was clearly erroneous.

Although the petitioner testified that he would have accepted the purported twenty-year offer, but for counsel's advice regarding the jurisdictional issue (Doc. No. 13-14 at 13, 15), the state court concluded that this offer never existed. And, as the TCCA majority pointed out, the petitioner did not specifically testify that he would have accepted the state's consecutive ten-year offer.[4] *See Smith*, 2018 WL 3803081, at *5. Accordingly, it was not unreasonable for the TCCA to conclude that the petitioner failed "to prove that there is a reasonable probability that he would have accepted the ten-year-consecutive plea offer extended by the State." *Id.* at *6.

Moreover, in order to establish prejudice under *Lafler*, a petitioner must also show that the trial court would have accepted the terms of the plea offer at issue. 566 U.S. at 164. This component of prejudice is "especially important when state law gives the prosecution and courts the discretion to reject a plea agreement," *Johnson v. Genovese*, No. 3:14-CV-02305, 2018 WL 1566826, at *18 (M.D. Tenn. Mar. 30, 2018), *aff'd*, 924 F.3d 929 (6th Cir. 2019) (citing *Missouri v. Frye*, 566 U.S. 134, 147 (2012)), as "appears to be the case in Tennessee." *Id.* (citing *Parham v. State*, 885 S.W.2d 375, 382 (Tenn. Crim. App. 1994)) (footnote omitted). The TCCA held that the petitioner failed to meet this additional burden because "there was no evidence in the record as to whether" the trial court would have accepted the offer, "especially with regard to Petitioner's asserted twenty-year-

---

[4] That is so despite the dissenting judge's assertion to the contrary. *See Smith*, 2018 WL 3803081, at *6 (McMullen, J., dissenting).

10

inclusive offer."[5] *Smith*, 2018 WL 3803081, at *6 (footnote omitted). And the petitioner has not attempted to demonstrate that this conclusion was unreasonable.

In sum, "even if [the court] were to disagree with the TCCA on how it applied *Strickland*/*Lafler*" to the petitioner's claim, that "disagreement would certainly be 'fair-minded.'" *Johnson*, 924 F.3d at 938 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Because it was not unreasonable for the TCCA to conclude that the petitioner failed to demonstrate prejudice, the petitioner is not entitled to relief.

## IV. Conclusion

For these reasons, the petition will be denied, and this action will be dismissed. Because this constitutes a "final order adverse to" the petitioner, the court must grant or deny a certificate of appealability. Habeas Rule 11(a). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition [is] denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

---

[5] The court notes some evidence in the record suggesting that the trial court would not have necessarily accepted a plea agreement providing for the petitioner's sentences in this case to run concurrently with his community corrections sentences. In its sentencing order, the trial court ordered the petitioner's sentences in this case to be "served consecutively to his violation of probation sentence[s]" because "[t]o order otherwise would depreciate the seriousness of violating probation, particularly in a case such as this one, where the Defendant has an extensive record of criminal activity and has been given every opportunity for rehabilitation." (Doc. No. 13-1 at 111.)

11

jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

For the reasons stated throughout the court's analysis, the court concludes that the petitioner has not satisfied these standards and will deny a certificate of appealability.

An appropriate order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge